IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00448-BNB

KEITH PARKER,

     Plaintiff,

v.

KEVIN MILYARD,
RYAN LONG, and
COLORADO DEPARTMENT OF CORRECTIONS,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keith Parker, is a prisoner in the custody of the Colorado Department of

Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling,

Colorado.  Mr. Parker initiated this action by filing *pro se* a Prisoner Complaint pursuant

to 42 U.S.C. § 1983 seeking money damages and declaratory and unspecified

injunctive relief.  Mr. Parker has been granted leave to proceed pursuant to 28 U.S.C. §

1915 without an initial partial filing fee.

The Court must construe Mr. Parker's filings liberally because he is representing

himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid

claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*,

935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.

*See id.*  For the reasons set forth below, Mr. Parker will be ordered to file an amended complaint.

Mr. Parker is suing an improper party.  Regardless of the relief sought, Plaintiff may not sue the DOC.  The State of Colorado and its entities, such as the DOC, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

As his first claim, Mr. Parker complains about the lack of protective-custody housing and policies.  This claim appears to relate to his release to general population on July 21, 2011, and his assault in August 2011 by gang members.  He contends his life is in danger because the DOC cannot protect him in the general population.  As his second claim, Mr. Parker contends he was threatened and assaulted by gang members

2

in August 2011, among other incidents, apparently because he is a known informant. As his third claim, Mr. Parker makes vague allegations that defendants conspired to violate his equal protection rights.

The complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Mr. Parker fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a)

3

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Parker to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Parker's complaint is rambling, vague, and verbose.  He makes frequent references to *Parker v. Colorado Dep't of Corrections*, No. 08-cv-00737-MSK-KLM (D. Colo. Mar. 30, 2012) (*see* No. 12-cv-00448-BNB at ECF No. 1 at 4, 9, 10, 13), and generally appears to be reasserting allegations previously raised in that case.  Mr. Parker should refrain from raising claims that are barred by the doctrines of collateral estoppel and res judicata.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Mr. Parker must assert personal participation by each named defendant in the amended complaint.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Parker must name and show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Warden Kevin Milyard or Ryan Long, case manager supervisor, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);

4

*McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Parker may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Parker uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Parker, therefore, will be directed to file an amended complaint that sues the proper parties, states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Mr. Parker must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to them.

Accordingly, it is

ORDERED that Plaintiff, Keith Parker, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Parker shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Parker fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 1, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge