IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00448-WYD-MJW

KEITH PARKER,

Plaintiff(s),

v.

KEVIN MILYARD,
RYAN LONG, and
JOHN DOE,

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANTS' MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 1988(B) (Docket No. 55)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case was referred to this court pursuant to an Order of Reference to Magistrate Judge issued by Judge Wiley Y. Daniel on June 25, 2012. (Docket No. 24).

In the motion now before the court (Docket No. 55), the two named defendants, Kevin Milyard and Ryan Long, note that plaintiff initiated this lawsuit on February 21, 2012, while he was engaging in settlement negotiations to resolve a prior lawsuit (Civil Action No. 08-cv-00737-MSK-KLM - hereinafter "the prior lawsuit"). Defense counsel sent plaintiff a letter on April 3, 2012, informing him that this lawsuit was barred under the terms of the prior lawsuit's Settlement Agreement and inviting him to dismiss this case voluntarily with prejudice within fourteen days, warning that defendants would seek attorneys' fees and costs in the event he declined to dismiss. (Docket No. 55-1, Defs.'

Ex. A). On May 16, 2012, defense counsel sent a follow-up letter to plaintiff reiterating that this case was barred under the terms of the prior lawsuit's Settlement Agreement. (Docket No. 55-2, Defs.' Ex. B). Plaintiff, however, proceeded with this case.

In a report and recommendation issued on November 29, 2012 (Docket No. 49) ("the Recommendation"), this court, among other things, recommended dismissal of the plaintiff's claims on the basis that they were barred by the Settlement Agreement plaintiff and the CDOC executed in the prior lawsuit on March 23, 2012, finding as follows. The claims plaintiff raised here either were alleged or could have been alleged in the prior lawsuit, and pursuant to the terms of the Settlement Agreement reached, plaintiff agreed to dismiss such claims. Furthermore, right after this action was commenced, plaintiff himself expressly admitted that this lawsuit is "in reality one and the same" as the prior lawsuit when he moved to consolidate this case with the other. (Docket No. 7). This court agreed with the named defendants that pursuant to the Settlement Agreement, plaintiff expressly agreed to dismiss the claims asserted in this lawsuit because such claims had been brought at the time he signed the Settlement Agreement, were (by his own admission in Docket No. 7) related to the claims brought in the prior lawsuit, or concerned events that occurred during the period of time of the prior lawsuit's operative dates and the date of the Settlement Agreement. Plaintiff was represented by counsel during the negotiation and execution of the Settlement Agreement. Defendants noted that in exchange for plaintiff's waiver, the CDOC agreed to transfer plaintiff from his then-current facility (Sterling Correctional Facility) to Arrowhead Correctional Center or other facility that offers the CDOC's Drug & Alcohol Therapeutic Community and where plaintiff's enemies are not housed. Consequently,

based upon these findings, this court concluded that the plaintiff's voluntary dismissal with prejudice of his prior lawsuit, based upon his Settlement Agreement, was a judgment on the merits, and thus the claims in this case were barred by the doctrine of res judicata. Plaintiff did not file any objections to the Recommendation. In an Order issued on December 20, 2012, Judge Daniel agreed that the plaintiff's claims should be dismissed for the reasons stated in both the Recommendation and his Order. (Docket No. 51 at 2). The Recommendation was thus affirmed and adopted, and the case was dismissed. Final Judgment entered the following day. (Docket No. 52).

Shortly thereafter, defendants filed the motion that is now before the court, Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988(b) (Docket No. 55).

Plaintiff filed a response (Docket No. 63) in which he asserts the following. He is pro se and indigent; there is no way he can pay any type of fee award. He was represented in the prior litigation by appointed counsel, Mr. Meyer, who has since passed away. Mr. Meyer was incompetent and informed him that plaintiff was free to resume this lawsuit after the disposition of the prior lawsuit, which was the one main reason he agree to settle the prior lawsuit. One of the drafts of the Settlement Agreement differs from the Settlement Agreement actually signed. That draft included specific language that plaintiff agreed to dismiss this case voluntarily. That language was not included in the Settlement Agreement. The Settlement Agreement was not binding, and the court did not make any determination as to whether it was "good or bad or fair or unfair." (Docket No. 63 at 7). Plaintiff was tricked and manipulated into believing the settlement was changed to where he could proceed with this case. He

4

was taken advantage of because he has a mental illness.  Since he was represented by counsel, it is only fair that his lawyer be held accountable.  His claim against the John Doe defendants was dismissed as a conclusory claim, not because it was an unfounded claim, so the entire claim was not protected under the Settlement Agreement.  (Docket No. 63 at 6).

The court has carefully reviewed these motions papers, has taken judicial notice of the court file for this case and the prior lawsuit, and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Defendants assert they are entitled to attorney fees pursuant to 42 U.S.C. § 1988(b) because they are prevailing parties in a lawsuit that plaintiff continued to litigate without foundation.  "Section 1988(b) codifies an exception to the 'American Rule' in which each party ordinarily must pay its own attorneys' fees."  Zinna v. Congrove, 680 F.3d 1236, 1239 (10th Cir. 2012).  "Specifically, § 1988(b) creates a fee-shifting regime in which prevailing civil rights litigants can recoup the litigation costs stemming from their successful claims.  The statute provides that 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.'"  Id.  Attorney fees, however, should be assessed against a *pro se* plaintiff in a § 1983 action only where "a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  Hughes v. Rowe, 449 U.S. 5, 14-15 (1980).  See Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) ("A prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass

5

the defendant."); Houston v. Norton, 215 F.3d 1172, 1174-75 (10th Cir. 2000). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes, 449 U.S. at 14.

Here, this court agrees with the defendants that an award of fees is justified. Based upon the Settlement Agreement entered into in the prior lawsuit, plaintiff's continuation of this lawsuit was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. Plaintiff readily acknowledged this case was "one and the same" as the prior lawsuit, which he voluntarily dismissed pursuant to a Settlement Agreement, yet he continued to pursue this case despite two explicit written warnings from defense counsel that failure to dismiss this lawsuit voluntarily could result in an award of attorney fees and costs against him. Plaintiff, not his appointed counsel in the prior litigation, is responsible for the fee award. Plaintiff has provided only hearsay that his attorney advised him that he could continue with this action. The court takes judicial notice of an e-mail sent by plaintiff's counsel in the prior lawsuit to defense counsel regarding the draft language in the Settlement Agreement concerning this lawsuit that, "I am not counsel on 12-cv-000448 and have no authority to address it in any manner." (Civil Action No. 08-cv-00737-MSK-KLM, Docket No. 519-4 at 1). Defendants are entitled to an award of attorney fees.

When determining the amount of a fee award, the court should follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987); Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to

6

determine the number of hours reasonably spent by counsel for the party seeking the fees. Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996); Ramos, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (citing Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Although the court is obligated to exclude hours not reasonably expended from the fee award, it need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy, 73 F.3d at 1018 (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Once the court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A

7

reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). Defense counsel here, an Assistant Attorney General, should be assigned a billing rate equal to her counterparts in expertise in private practice. See Ramos, 713 F.2d at 555 ("Salaried public interest firm lawyers should be assigned a billing rate equal to their counterparts in expertise in private practice."). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Malloy, 73 F.3d at 1018. Once that burden has been met, "the resulting product is presumed to be the reasonable fee contemplated by § 1988." Id.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (citing Hensley, 461 U.S. at 433).

Here, defendants Milyard and Long seek attorney fees totaling $5,713.00. They have filed an affidavit of defense counsel, Assistant Attorney General Kathryn A. Starnella, which includes a timekeeping report for attorney and paralegal time that was spent on this lawsuit. (Docket No. 55-3 and 55-4). In addition, defendants have submitted the affidavits of the two paralegals who have worked on this case. (Docket No. 55-5 and 55-6).

The time spent on this matter is reportedly: attorney time (Ms. Starnella) 23.80 hours, and paralegal time (Darlene Hill) 3.30 hours and (Elle DiMuro) 0.90 hours. These hours are supported by the detailed timekeeping records submitted. Defendants seek $220 per hour for Ms. Starnella (totaling $5,236.00), $120 per hour for Ms. Hill (totaling

8

$396.00), and $90 per hour for Ms. DiMuro (totaling $81.00).  Plaintiff has not challenged the reasonableness of the hours expended or the rates sought.

The court has followed the three-step process set forth in Ramos v. Lamm in evaluating the defendants' motion for attorney fees.  The court has reviewed the documentation submitted by defense counsel and finds that the number of hours claimed are reasonable.  The timekeeping records are sufficiently detailed, showing how much time was allotted to the various tasks.  The amount of time spent on the various itemized tasks appears reasonable in light of the complexity of the case, the strategies pursued, and the work necessitated by the defense of this lawsuit, including preparing a motion to dismiss, responding to plaintiff's motion for preliminary injunctive relief, and preparing the motion for attorney fees.  The court finds no duplication of effort.  In addition, the time expended was reasonable in relation to counsel's experience.  Finally, upon review of the billing entries, the court finds that the defendants are entitled to recover fees for the itemized work of the paralegals.

With regard to the reasonableness of the rates, the court is familiar with the hourly rates charged by attorneys in this area, and defendants have provided authority to establish the reasonableness of the hourly rate sought.  The court finds that given defense counsel's experience, skill, and specialization, the hourly rate sought is reasonable.  This court notes that Judge Arguello has found that an hourly rate of $425 was reasonable.  Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *9. The hourly rate sought here is substantially lower.  The court, however, finds that the hourly rate sought for paralegal time is slightly excessive and finds that an hourly rate of $75 would be a reasonable hourly rate of compensation in this area.  See

9

Shrader v. Beann, 2012 WL 2411969, at * (D. Colo. June 26, 2012) ($75 is a reasonable hourly rate of compensation in this area for legal assistant time), aff'd, 503 Fed. Appx. 650, 655 (10th Cir. Nov. 29, 2012) (district court did not abuse its discretion in the amount of attorney fees awarded to defendant).

Multiplying the reasonable hourly rate by the number of hours reasonably expended, the court finds as follows. Defendants Milyard and Long should be awarded a total of **$5551.00** as reasonable attorney fees in this action. More specifically, the amount is broken down as follows:   23.80 hours of attorney time at a rate of $220.00 per hour for a total of $5236.00, and 4.2 hours of paralegal services at a rate of $75 per hour for a total of $315.00.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988(b) (Docket No. 55) be **granted**, and defendants Milyard and Long be awarded attorney fees in the amount of **$5551.00**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

10

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  August 23,  2013　　　　　　　　　　　　s/ Michael J. Watanabe  
　　　　Denver, Colorado　　　　　　　　　　　　Michael J. Watanabe  
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge